Ulysses TURNAGE, Jr., Plaintiff– Appellant,

v.

Mary TARZIA, John T. Baker, Defendants,

William J. Henderson, Postmaster General, Defendant–Appellee.

No. 00–6233.

United States Court of Appeals, Second Circuit.

March 23, 2001.

**28**

Ulysses Turnage, Jr., Buffalo, NY, pro se.

Lynn S. Edelman, Assistant United States Attorney for the Western District of New York, for Denise E. O'Donnell, United States Attorney for the Western District of New York, Buffalo, NY, for appellee.

Present SOTOMAYOR, and KATZMANN, Circuit Judges, CHIN,* District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from an order of the United States District Court for the Western District of New York (William M. Skretny, *Judge*), it is hereby ORDERED, ADJUDGED AND DECREED that the order of the district court is AFFIRMED.

Plaintiff–Appellant Ulysses Turnage, Jr., *pro se,* appeals from an order of the United States District Court for the Western District of New York (William M. Skretny, *Judge*) dismissing his complaint for failure to exhaust administrative remedies. Plaintiff's amended complaint against the Postmaster General of the United States Postal Service ("USPS") alleged employment discrimination and retaliation for the USPS' failure to hire him due to his prior Equal Employment Opportunity ("EEO") activity.

In an order entered on January 12, 2000, the district court dismissed Turnage's complaint for failure to exhaust administrative remedies because Turnage failed to allege either that he had contacted an EEO counselor within forty-five days of the alleged discrimination or that he was entitled to tolling of the deadline to do so. *See* 29 C.F.R. § 1614.105. Taking into account Turnage's *pro se* status, however, the district court gave Turnage leave to file a second amended complaint in which he was to specifically address these issues. The district court also informed Turnage that under 29 C.F.R. § 1614.105(a)(2), the forty-five day filing requirement would be tolled if he: (1) was not notified of the time limits and was not otherwise aware of them; (2) did not know and could not have reasonably known about the discriminatory act; (3) was prevented from contacting the EEO counselor due to circumstances beyond his control; or (4) failed to contact the agency for other reasons considered sufficient by the agency or the commission. *See* 29 C.F.R. § 1614.105(a)(2).

On February 22, 2000, Turnage filed a second amended complaint in which he again failed to plead either compliance with the forty-five day requirement or an ability to claim the benefit of tolling. In April 2000, Henderson moved to dismiss the case and Turnage responded asserting that the requirements of 29 C.F.R. § 1614.105 did not apply to him because he was never a USPS employee. In July 2000, the district court dismissed Turnage's second amended complaint with prejudice and Turnage filed a timely notice of appeal. On appeal, Turnage reasserts

---

* The Honorable Denny Chin of the United States District Court for the Southern District of New York, sitting by designation.

that he is not subject to the forty-five day requirement.

The law is clear that applicants for employment with the USPS, like USPS employees, are subject to the requirements of 29 C.F.R. § 1614.105. *See* 29 C.F.R. § 1614.103. The district court gave Turnage the opportunity to amend his complaint to allege either compliance with administrative requirements or facts that would entitle him to tolling. Turnage never did so. Accordingly, the July 20, 2000 order of the district court dismissing Turnage's claim is AFFIRMED.